UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   **CRAIG C. HINE**, and<br>2.   **CRAIG C. HINE DDS, P.C.**,<br><br>        **Plaintiffs**,<br><br>v.<br><br>3.   **SENTINEL INSURANCE COMPANY,<br>LTD.**, a foreign insurance company,<br><br>        **Defendant**. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 18-cv-00145-JHP-FHM<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW the Plaintiffs, Craig C. Hine and Craig C. Hine DDS, P.C. ("Hine" or "Plaintiffs"), pursuant to 28 U.S.C. §1331, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and for their Complaint against Defendant Sentinel Insurance Company, Ltd. ("Sentinel" or "Defendant") state:

### I.   JURISDICTION

This Court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1). Plaintiff Craig C. Hine ("Dr. Hine"), is an individual residing in Tulsa County, Oklahoma. Plaintiff Craig C. Hine DDS, P.C., ("Hine DDS"), is an Oklahoma professional corporation. Defendant Sentinel Insurance Company, Ltd., is domiciled in Hartford, Connecticut at 1 Hartford Plaza, 685, Hartford, CT 06155 according to the records of the Oklahoma Insurance Commissioner. The amount in controversy exceeds $75,000.00. This Court is vested with diversity jurisdiction.

### II.   VENUE

Venue is proper in this Court's judicial district under 28 U.S.C. § 1391(b)(2) in the substantial parts of the events or omissions giving rise to the claims occurred in the Court's judicial district – the Northern District of Oklahoma.

### III.   OPERATIVE FACTS

1. Before and on August 25, 2015 there existed a Business Owner's Policy of insurance between the Plaintiffs and the Defendant. The policy insured Plaintiffs' dental practice at 3241 Chandler Road in Muskogee, Oklahoma and an office in Bixby, Tulsa County, Oklahoma.

2. Dr. Hine operated a dental business with offices in Muskogee and Bixby.[1] On August 25, 2015 a water line burst and flooded the office in Muskogee, damaging the building and its contents. On that date, Hine had in place a commercial general liability policy ("the policy") issued by Sentinel Insurance Company, Ltd., ("Sentinel") a subsidiary of The Hartford.

3. The policy contained a "unique" type of property damage coverage that gave Dr. Hine the option of having his business personal property loss indemnified on an actual cash value basis ("ACV") *and* at replacement cost. The amount of coverage for the building and its contents was $828,900.00. Business personal property coverage for the dental equipment was $533,700.00. Business income interruption did not have any specific coverage limit.

4. According to the insurer's claim file, the loss was inspected on August 26, 2015 and the loss estimate was to be completed by September 22, 2015. The adjuster, Kyle Moore ("Moore") hired a contractor to repair the damage to the Muskogee office. As early as November 6, 2015, Moore encouraged Dr. Hine to push the dental equipment supplier, Patterson Dental ("Patterson"), to provide replacement equipment to avoid unnecessary delay in reopening the Muskogee office. The Muskogee building was completed on or about February 12, 2016. Had the insurance company met is obligation to pay all damages at that time, the new Muskogee practice with Dr. Shankle could have been saved.

---

[1] Dr. Hine was a third-generation dental practitioner in Muskogee. Dr. Hine's grandfather, Otto Hine, began the business more than 100 years earlier. His dental tools, which included antique sterilization tools, were considerably less expensive than Dr. Hine's. Dr. Hine's father, Ted Hine, was also a dentist and a former head of the State Dental Board.

5. Patterson submitted a proposal to Dr. Hine on or about December 7, 2015 in the amount of $878,574. 63. Dr. Hine promptly submitted the proposal to Moore. The submission was well within the 180 days required under the policy to put the insurer on notice that Dr. Hine desired to have the equipment loss valued at ACV and to obtain the replacement costs so Dr. Hine could reopen the business. Indeed, on December 14, 2015 Moore notified Dr. Hine that the Patterson proposal was in excess of the $533,700.00 business personal property coverage available. Thereafter, Moore initiated negotiations with Patterson to obtain a lower proposal for Dr. Hine.

6. It was not until February 15, 2016 that Moore reached a deal with Patterson that lowered the initial proposal to $624,934.04. Meanwhile, Moore had paid Dr. Hine an average of $25,000 per month from September 2015 to February 2016, but inexplicably stopped those payments for 4 months, making a last payment in July 2016.

7. Because no business income interruption payment was made in March 2016, Dr. Hine was pressed for money.[2] On March 3, 2016, Moore assured Dr. Hine's practice manager that the replacement cost of the equipment would be paid once it was ordered and Moore was supplied with a signed contract. Six days later, Moore again told Dr. Hine's practice manager that the cost of the equipment could not be paid until the debt to Patterson was owed. This statement clearly conflicts with the language of the policy that gives Dr. Hine the right to the ACV of the equipment loss AND its replacement cost, which Moore had been negotiating as Dr. Hine's agent. However, Ben Guinn of Patterson Dental would not order the equipment without knowing for certain that the insurance company would pay.

---

[2] Dr. Hine had been involved in a turbulent divorce which left him in a precarious financial position. His banker and President of Security Bank was Scott Wilson who worked hard with Dr. Hine to help him reestablish his practice.

8. Again, on April 18, 2016, Moore assured Dr. Hine's practice manager that the equipment cost would be paid after it was ordered with a signed contract. The "catch 22" stalemate continued until July 21, 2016, when Moore unexpectedly told Dr. Hine that everything covered under the policy had been paid. Moore's representation was blatantly false. The replacement cost of the dental equipment had not been paid, the equipment had not been delivered and installed, and Dr. Hine couldn't reopen the Muskogee office.

9. A document prepared by Moore on March 21, 2016 shows that, on that date, there had been $1,712,600.00 in total coverage available. The total of the ACV claim was $918,394.95. That left $794,205.05 in coverage available to pay the 4 months of business income interruption loss ($100,000.00) and $533,700.00 to replace Hine's dental equipment.

## IV.     PLAINTIFFS' CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### BREACH OF INSURANCE CONTRACT

10. Plaintiffs incorporate all the preceding allegations here, and further state and allege that Defendant's failure to pay the full replacement amount under the policy was a breach of the insurance contract, for which Defendant is liable to Plaintiffs for an amount in excess of $75,000.00, plus Plaintiffs' costs and attorneys' fees.

### SECOND CLAIM FOR RELIEF

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

11. Plaintiffs incorporate all the preceding allegations here, and further state and allege that Defendant's failure to pay the full replacement amount under the police was a breach of the covenant of good faith and fair dealing, for which Defendant is liable to Plaintiffs for an amount in excess of $75,000.00, plus Plaintiffs' costs and attorneys fees.

12. Based on the foregoing, Defendant has breached its obligation of good faith and fair dealing, cost the Plaintiffs the value of the 100 year old practice in Muskogee, and is liable to the Plaintiff in an amount in excess of $75,000.00, punitive damages, Plaintiffs' costs and attorneys' fees.

WHEREFORE, Plaintiffs pray that the Court enter judgment in favor of the Plaintiffs as prayed for above.

Respectfully submitted,

/s/ G. Steven Stidham
G. Steven Stidham, OBA #8633
StidhamLaw, P.C.
204 Reunion Center
Nine East Fourth Street
Tulsa, OK  74103-4706
T: (918) 707-8800/F: (918) 707-8808
Email:  gstidham@stidhamlawpc.com

and

Richard E. Warzynski, OBA #14079
Waller Jorgenson Warzynski, PLLC
401 S. Boston Avenue, Suite 500
Tulsa, OK  74103
T:  (918) 933-4288
Email:  rwarzynski@wjwattorneys.com