# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CRAIG C. HINE and <br> (2) CRAIG C. HINE DDS, PC; <br><br> Plaintiffs, <br><br> vs. <br><br> (1) SENTINEL INSURANCE COMPANY, LTD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-00145-GKF-FHM <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT SENTINEL INSURANCE COMPANY, LTD.'S ANSWER

Defendant Sentinel Insurance Company, Ltd. ("Sentinel") states as follows for its Answer to Plaintiffs Craig C. Hine and Craig C. Hine DDS, PC's ("Plaintiffs") general allegations, and Plaintiffs' breach of contract and bad faith causes of action in their Complaint. Each and every allegation contained in the Complaint is denied unless specifically admitted herein. Except for the paragraphs labelled "JURISDICTION" and "VENUE,"[1] each numbered paragraph in the Answer below responds to the corresponding numbered paragraph in the Complaint.

### I.  JURISDICTION

On information and belief, Sentinel admits the allegations contained in Plaintiffs' Paragraph labeled "JURISDICTION."

---

[1] Because Plaintiffs' allegations in the paragraphs labelled "JURISDICTION" and "VENUE" are not separately numbered, Sentinel's responses to these allegations correspond with Plaintiffs' paragraph headings. *See* Fed. R. Civ. P. 10(b) ("A party must state its claim or defenses in numbered paragraphs. . . .").

## II. VENUE

On information and belief, Sentinel admits the allegations contained in Plaintiffs' Paragraph labeled "VENUE."

## III. OPERATIVE FACTS

1. Denied as stated. Sentinel admits that Plaintiff Craig C. Hine DDS, PC is listed as the "Named Insured" on Spectrum Business Owner's Policy Number 38 SBA BS4216 SC issued by Sentinel Insurance Company, Limited for the Policy Period February 1, 2015 to February 1, 2016, for Dentist Medical Office Buildings located at 3241 Chandler Road, Muskogee, Oklahoma 74403 (the "Muskogee Property at Issue"), and 12345 S. Memorial, Bixby, Oklahoma 74008 (the "Bixby location"), consisting of the Declarations, Limits of Insurance, Coverage Forms, Common Policy Conditions, and any other Forms or Endorsements issued to be part of the Policy and subject to all terms, conditions, definitions, coverages, and limitations of the Policy, which speaks for itself (the "Policy"). Sentinel denies that "[b]efore and on August 25, 2015" —an unknown and undefined time period—"there existed a Business Owner's Policy of insurance." Except as specifically admitted, Sentinel denies the allegations of Paragraph 1.

2. Denied as stated. Sentinel admits that Plaintiff Craig C. Hine DDS, PC is listed as the "Named Insured" on the Policy. Sentinel admits that on August 25, 2015, a loss was reported to Sentinel under the Policy for water damage to the Muskogee Property at Issue. Sentinel admits that it is a wholly-owned subsidiary of The Hartford Financial Services Group, Inc. Sentinel lacks knowledge or information sufficient to form a belief about the truth about the content of Footnote 1 of Paragraph 2, and on that basis, Sentinel denies the same. Except as specifically admitted, Sentinel denies the allegations of Paragraph 2.

3. Sentinel avers that the Policy speaks for itself and therefore Sentinel need not respond to allegations characterizing the same. To the extent that a response is required, Sentinel admits that Plaintiff Craig C. Hine DDS, PC is listed as the "Named Insured" on the Policy. Sentinel denies that business income payments "do not have any specific coverage limit." Except as specifically admitted, the allegations in Paragraph 3 are denied.

4. Sentinel admits that the loss was inspected on August 26, 2015, and that Kyle Moore ("Mr. Moore") was the adjuster. Sentinel denies that Mr. Moore hired a contractor to repair the damage—Plaintiffs retained the contractor who repaired the damage, and Sentinel timely paid that contractor's invoice. Sentinel admits that Mr. Moore aided and encouraged Plaintiffs to avoid unnecessary delay in reopening the Muskogee office. Sentinel admits that the contractor completed the repair and construction of the Muskogee practice in February 2016. Sentinel denies that it failed to meet any of its obligations under the Policy.[2]

5. Sentinel admits that in December 2015, Patterson Dental ("Patterson") submitted a bid to Dr. Hine for replacement equipment in the amount of $878,574.63 that was forwarded to Mr. Moore. Sentinel denies that forwarding this bid put Sentinel on any requisite notice or somehow obligated Sentinel to accept and pay the bid. Sentinel lacks knowledge or information sufficient to form a belief about the truth about Dr. Hine's desire, and on that basis, Sentinel denies the same. Sentinel admits that Mr. Moore worked with Plaintiffs and their agents in an attempt to obtain a lower bid from Patterson, and that the December 2015 Patterson bid was well in excess of the coverage provided in the Policy. Except as specifically admitted, Sentinel denies the allegation of Paragraph 5.

---

[2] Paragraph 4 contains approximately seven separate allegations. Subsequent paragraphs similarly contain multiple allegations. Sentinel has answered each allegation to the best of its ability. *See* Fed. R. Civ. P. 10(b) ("A party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

      6.      Denied.

      7.      Sentinel denies that the financial problems described in Paragraph 7 are attributable to business-income payments, and Sentinel denies that it is liable for Plaintiffs' financial problems. Sentinel lacks knowledge or information sufficient to form a belief about the truth of the allegations that Dr. Hine was "pressed for money," or the allegations contained in Footnote 2 of Paragraph 7. Sentinel admits that Mr. Moore conveyed to Plaintiffs and their agents that Sentinel would pay the replacement cost due under the Policy after Plaintiffs supplied Mr. Moore with a signed purchase order or similar proof that the replacement equipment had actually been ordered. Sentinel states that the Policy speaks for itself. Sentinel lacks knowledge and information sufficient to form a belief about the truth of the allegations related to Ben Guinn or Patterson's policy or practice for accepting orders, and therefore denies the same.  Except as specifically admitted, Sentinel denies the allegations of Paragraph 7.

      8.      Sentinel lacks knowledge or information sufficient to form a belief about the truth of the April 18, 2016 date referenced by Plaintiffs, or the medium through which this alleged assurance took place, and therefore Sentinel denies this allegation. Sentinel admits that Mr. Moore assured Dr. Hine multiple times that Sentinel would compensate Plaintiffs, subject to the coverage limits provided in the Policy, upon receipt of a signed contract for covered replacement equipment. Sentinel denies that a "catch 22" existed. Sentinel admits that Kyle Moore sent the Named Insured a letter dated July 21, 2016. Sentinel denies that the July 21, 2016 letter "unexpectedly told Dr. Hine that everything covered under the Policy had been paid." Sentinel denies that the letter's "representation was blatantly false." Sentinel admits that the replacement cost of the dental equipment had not been paid because Plaintiffs never submitted

any documentation evidencing the actual purchase or furnishing of replacement equipment. Except as specifically admitted, Sentinel denies the allegations of Paragraph 8.

9.  Sentinel admits that Kyle Moore prepared a document on March 21, 2016. The Policy and the document speak for themselves, and Sentinel denies Plaintiffs' characterization of the same. Sentinel denies the remaining allegations contained in Paragraph 9. Except as specifically admitted, Sentinel denies the allegations of Paragraph 9.

10.  Sentinel avers that Paragraph 10 states legal conclusions that do not require a response. To the extent that a response is required, Sentinel denies the allegations contained in Paragraph 10.

11.  Sentinel avers that Paragraph 11 states legal conclusions that do not require a response. To the extent that a response is required, Sentinel denies the allegations contained in Paragraph 11.

12.  Sentinel avers that Paragraph 12 states legal conclusions that do not require a response. To the extent that a response is required, Sentinel denies the allegations contained in Paragraph 12.

Sentinel denies the allegations contained in the "WHEREFORE" clause on page 5 of the Complaint and further denies that Plaintiffs are entitled to recover any damages from Sentinel.

Unless otherwise expressly admitted or averred above, Sentinel denies each and every allegation and each and every characterization contained in Plaintiffs' Complaint.

Sentinel requests that the Court enter judgment in favor of Sentinel, together with costs, attorneys' fees, and such other and further relief as the Court deems appropriate.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without assuming any burden of proof imposed on the Plaintiffs under the law, and without assuming any burden or obligation other than that imposed by operation of law, Sentinel asserts the following Affirmative and/or Additional or Other Defenses to the claims set forth in Plaintiff's Complaint and reserves the right to seek leave to amend or supplement these Defenses as discovery and further investigation warrant.

1. Plaintiffs have failed, in whole or in part, to state claims upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the express terms, conditions, limitations, definitions, exclusions, endorsements, and other provisions of the Policy.

3. Plaintiffs' claims are barred, in whole or in part, by the claims statute of limitations.

4. Plaintiff Craig C. Hine is not party to the Policy or listed as a Named Insured(s) on the Policy; the Named Insured on the Policy is the business entity "Craig C. Hine DDS, PC." Craig C. Hine is not a proper party and has no standing to bring claims against Sentinel.

5. Plaintiffs' claims are barred by the provisions governing replacement cost coverage and loss payment under the Policy because Plaintiffs have failed to repair or replace the property in dispute. Special Property Coverage Form – Section E – Property Loss Conditions § (5)(c) ("We will not pay on replacement cost basis for any physical loss or physical damage . . . [u]ntil the physically lost or physically damaged property is actually repaired or replaced.").

6. Plaintiffs are not entitled to any further Business Income and Extra Expense Payments because Plaintiffs caused delay in rebuilding, repairing, and replacing property. Special Property Coverage Form – Section B – Exclusions § (4)(a).

7. Plaintiffs are not entitled to any Extended Business Income Loss payments because Plaintiffs have not repaired or replaced the property in dispute. Special Property Coverage Form – Section A – Coverage § (5)(r).

8. Plaintiffs' claims are barred because Plaintiffs failed to cooperate with Sentinel in its investigation and settlement of the claim and failed to resume part or all of operations as quickly as possible, pursuant to Special Property Coverage Form – Section E – Property Loss Conditions § (3), and failed to meet these and/or other Duties in the Event of Loss or Damage, as required by the Property Loss Conditions section in the Policy.

9. Plaintiffs' claims are barred by the express exclusions in the Policy, Special Property Coverage Form – Section B – Exclusions.

10. Plaintiffs' claims are barred by the applicable limits in the Policy, Special Property Coverage Form – Section C – Limits of Insurance.

11. Plaintiffs' claims are barred by the requirements and limitations of Coverage, Special Property Coverage Form – Section A – Coverage.

12. Plaintiffs' claims are barred by the requirements and limitations of the Loss Payment and Resumption of Operations provisions in the Policy.

13. Plaintiffs' claims are barred because they have not incurred any damages for which they may recover.

14. Plaintiffs' claims are barred because any delay, harm, or damages were caused by Plaintiffs or their vendors, agents, persons, or factors under their control, and not by Sentinel.

15. Plaintiffs' claims are barred because any delay, harm, or damages were caused by third parties such as contractors, salespersons, vendors, and other third parties beyond Sentinel's control.

16. Plaintiffs' claims are barred based on illegality and/or fraud practiced by Plaintiffs.

17. The claims are barred, in whole or in part, by the failure of Plaintiffs to meet the pre-conditions and/or other required elements of the Policy.

18. The claims are barred, in whole or in part, because the Policy contains all the agreements between the Named Insured and Sentinel concerning the insurance afforded, and the Policy's terms can be amended or waived only by endorsement issued by Sentinel and made a part of the Policy.

19. Plaintiffs' claims and allegations are barred, in whole or in part, as a matter of law.

20. Plaintiffs failed to mitigate their damages.

21. Plaintiffs' claims are barred by waiver, laches, and/or estoppel.

22. Plaintiffs' claims are barred by the doctrine of unclean hands.

23. Plaintiffs' claims against Sentinel are barred because it cannot establish the elements of each of its purported claims.

24. Sentinel abided by and acted in accordance with the Policy.

25. At all times, Sentinel acted in good faith and in accordance with the applicable law in effect at the time.

26. Plaintiffs' claims are barred or reduced, in whole or in part, by payments made by Sentinel for the repairs and advances of business income, and/or accord and satisfaction.

27. Sentinel is entitled to an offset for any amounts paid on the underlying claim.

28. Plaintiffs' claims are barred because there was a legitimate dispute over coverage and/or amount of loss under the Policy.

29.     Plaintiffs' claims may be barred, in whole or in part, by their material misrepresentations with regard to Policy which void the Policy.

30.     Plaintiffs' bad faith claim is barred to the extent it relies on conduct after Sentinel made its claim determination and made payment on the claim.

31.     Plaintiffs are not entitled to an award of attorneys' fees or other costs.

32.     Plaintiffs' claims for punitive damages fail for the following reasons:

   (a)     Plaintiffs fail to state a cause of action for punitive damages;

   (b)     Sentinel did not engage in any act or omission that was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive damages is barred;

   (c)     Plaintiffs are not entitled to punitive damages under 23 Okla. Stat. § 9.1 and case law interpreting the same;

   (d)     Punitive damages are not recoverable from Sentinel as a matter of law;

   (e)     Punitive damages may not be awarded as a stand-alone cause of action;

   (f)     Due to the lack of clear standards, the imposition of punitive damages against Sentinel would be unconstitutional under the doctrines of vagueness and overbreadth;

   (g)     Plaintiffs' demand for punitive damages is subject to any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2002), and any other or subsequent case law interpreting the same; and

(h) Plaintiffs' claim for punitive damages violates the provisions of the United States Constitution and Oklahoma Constitution, including the protections and prohibitions of the double jeopardy and due process clauses, to the extent it allows the jury to consider harm to third parties in violation of the Fourteenth Amendment and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and to the extent Plaintiffs seek to recover punitive damages, in an amount which is unconstitutionally excessive, such damages would violate Article II §§ 7 and 9 of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment and applicable United States Supreme Court precedent.

Sentinel reserves the right to assert counterclaims and additional defenses as determined throughout the course of discovery and/or investigation of this matter.

## DEMAND FOR JURY TRIAL

Sentinel demands a trial by jury as to all triable issues in this matter.

Respectfully submitted,

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
Samuel J. Merchant, OBA #32832
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
E-mail:   jodi.dishman@mcafeetaft.com
sam.merchant@mcafeetaft.com

*Attorneys for Defendant Sentinel Insurance Company, LTD*


## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2018 I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

G. Steven Stidham  
Richard E. Warzynski  
*Attorneys for Plaintiffs*

                                                         */s/ Jodi W. Dishman*  
                                                         Jodi W. Dishman